On June 18, 1996, appellants, Michelle and William Haga, executed a retail installment sales contract with appellee, Martin Homes, Inc., to purchase a mobile home manufactured by appellee, Champion Home Builders Company. Financing in the amount of $28,259.63 was arranged through appellee, Green Tree Financial Servicing Corporation. Soon after purchasing the mobile home, appellants began to notice defects therein. On June 16, 1997, appellants filed a complaint against appellees for breach of warranties and violations of Ohio's Retail Installment Sales Act, the Consumer Sales Practices Act, the Truth-in-Lending Act and the Magnuson-Moss Act. On July 2, 1997, appellee Green Tree filed a motion to dismiss and compel arbitration pursuant to an arbitration provision in the agreement. By judgment entry filed April 3, 1998, the trial court stayed the proceedings and compelled arbitration. Appellants filed a notice of appeal. This court reversed and remanded the case to the trial court to conduct a hearing on the enforceability of the arbitration clause. See, Haga, et al. v. Martin Homes, Inc., et al. (April 19, 1999), Tuscarawas App. No. 1998AP050086, unreported. Upon remand, a hearing was held on October 18, 1999. By judgment entry filed January 20, 2000, the trial court found the arbitration clause was not unconscionable and was therefore enforceable. Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignment of error are as follows:
I. THE TRIAL COURT COMMITTED AN ERROR OF LAW.
 II. PURSUANT TO APP.R. 12, THE COURT SHOULD FIND THAT UNDER WILLIAMS V. AETNA FIN. CO. THAT GREEN TREE'S ARBITRATION CLAUSE IS UNCONSCIONABLE AND THUS UNENFORCEABLE.
 III. GREEN TREE'S ARBITRATION CLAUSE WAS FRAUDULENTLY INDUCED AND THEREFORE THE MOTION TO COMPEL ARBITRATION SHOULD BE DENIED.
 IV. ALTHOUGH THE TRIAL COURT DETERMINED THAT THE ARBITRATION PROVISION IS ENFORCEABLE, CHAMPION CANNOT COMPEL THE HAGAS TO ARBITRATE THEIR WRITTEN WARRANTY CLAIMS.
 I
Appellants claim as a matter of law that the trial court failed to analyze the circumstances underlying the contract pursuant to the standards set forth in Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, and ABM Farms v. Woods (1998), 81 Ohio St.3d 498. We disagree. In their brief at 5, appellants argue the following: The trial court did not even address the numerous ABM and Williams factors as required by this Court's remand order. The four criteria expressed and relied upon by the trial court have not been found determinative of conscionability by the Ohio Supreme Court. The trial court therefore committed reversible error by failing to comply with this Court's remand order by (1) failing to apply all of the Williams factors; (2) failing to apply all of the ABM factors; (3) deciding the case on arbitrary; and (4) creating its own set of factors with which to analyze the arbitration provision.
We have reviewed the trial court's January 20, 2000 judgment entry and although the trial court does not cite to either of these cases, the decision does allude to the case law contained therein. In particular, the trial court made a specific finding that appellants never "affirmatively attempted, but failed, to remove or modify the arbitration clause/provision. The arbitration clause simply was never challenged by Plaintiffs." A similar finding was made by the ABM Farms court at 502. The trial court also addressed the issues of a "one-sided contract" and an "adhesion contract" as follows: Specifically, Plaintiffs have failed to prove that the contract terms are one-sided or unreasonably favorable to Defendant Green Tree Financial Corporation so that:
The disparity between the parties bargaining power denies Plaintiffs meaningful choice in accepting, or not, the terms of the contract;
Plaintiffs cannot obtain their `desired product or services' except by acquiescing in the standardized contract.
These same issues were addressed by the Williams court at 472-473. Apparently appellants' argument is predicated upon the trial court's failure to cite to the cases and to address each fact of the case sub judice against the particular facts in those cases. An analysis of a particular fact pattern under judicial review does not require a detailed discussion on the similarities with other cases. The very cases cited in the remand order point out that the decision is to be made on a case by case basis with no cut-out pattern into which the facts should be placed. Assignment of Error I is denied.
 II
Appellants claim the trial court erred in finding that the arbitration provision was not unconscionable. We disagree. Appellants request this court to consider the evidence pursuant to App.R. 12(C) as being against the manifest weight of the evidence. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. Appellants argue the agreement was an adhesion contract, they would be required to pay a substantial up-front fee for arbitration, the arbitration provision was on a preprinted form containing boilerplate language, the parties had unequal bargaining power and the mechanics of arbitration were not disclosed to them. Appellants argue the agreement should be found to be unconscionable and unenforceable under Williams. Ohio's view of "unconscionability" is defined in Orlett v. Suburban Propane (1989), 54 Ohio App.3d 127,129, as follows: `Unconscionability' is not a concept at all, but instead a determination made in light of a variety of factors. White Summers, Uniform Commercial Code (3 Ed. 1988) 203-204, Section 4-3. It is the sheer harshness of contractual terms together with unequal bargaining positions which renders certain consumer contracts suspect and worthy of judicial revision.
In Williams v. Walker-Thomas Furniture Co. (C.A.D.C. 1965),350 F.2d 445, 449, Judge Skelly Wright stated:
 `Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. Whether a meaningful choice is present in a particular case can only be determined by consideration of all the circumstances surrounding the transaction. In many cases the meaningfulness of the choice is negated by a gross inequality of bargaining power. * * *'
In Stout, et al. v. J.D. Byrider, et al. (1999) 50 F. Supp.2d 733,739, appellants' burden is defined as follows: In Ohio, a plaintiff sufficiently states a claim that an arbitration agreement is unconscionable or takes the form of an adhesion contract by showing that (1) the contract terms are one-sided or unreasonably favorable to the other party, (2) that disparity between the parties' bargaining power denies the less advantaged party meaningful choice in accepting the terms of the contract, and (3) the less advantaged party cannot obtain their `desired product or services except by acquiescing in form contract.'
It is this standard that the trial court specifically used in its judgment entry, as evidenced by the trial court's findings cited in Assignment of Error I. The trial court based its reasoning upon appellants' failure to question the arbitration provision when they knew it existed (T. at 27, 59), appellants' failure to ask that the provision be removed or changed (T. at 28, 36, 59) and appellants' failure to seek alternative financing when it was available to them. T. at 41, 90. The trial court predicated its decision on appellants' failure to establish unconscionability by the preponderance of the evidence. There can be no dispute that the contract was on a preprinted form and did not disclose the terms for initiating arbitration or the mechanics of arbitration as the contract speaks for itself. However, the ABM Farms and Williams courts did not rest their decisions on the form or clause wording, but rather they looked to the particular circumstances of the events surrounding the contract. In the case sub judice, the evidence established appellants previously had been involved in retail installment sales contracts, but never of such value. T. at 40, 57-58. Appellant William Haga was the manager of a "rent-to-own" business and had been involved in credit references and sales agreements. T. at 56-57. Both appellants admit they were given ample opportunity to read, question and review the purchase agreement and the retail installment sales contract. T. at 19-20, 27, 31-33, 53. Both appellants remember the bold face admonition to not sign the contract unless they read it. T. at 27, 53. Also, both appellants remember seeing the arbitration provision in bold face. T. at 47. Neither appellant thought to challenge, question or change the contract. T. at 36, 59. Unlike the contract in Williams and Orlett, other means of financing would have been acceptable. T. at 90. In fact, there was no close relationship between appellee Green Tree and appellee Martin Homes as in Williams. Appellee Green Tree admittedly would not have permitted a change, but only financed twenty-five percent of manufactured home sales. T. at 64, 77-79. Appellee Green Tree viewed the market for financing as competitive, and dealt with dealers through a dealer based network with representatives supervising the dealers. T. at 64, 66, 86-87. Upon review, we find the facts presented were not sufficient to overcome the burden placed upon appellants to establish an unequal bargaining position. The evidence presented established appellants were free to question the contract and to seek alternative financing without jeopardizing the sale. Assignment of Error II is denied.
 III
Appellant claims the trial court erred in not finding the contract was fraudulently induced. We disagree. As stated in ABM Farms at 502: A claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation. `The fraud relates not to the nature or purport of the [contract], but to the facts inducing its execution * * *.' Haller v. Borror Corp. (1990), 50 Ohio St.3d 10, 14,552 N.E.2d 207, 210. In order to prove fraud in the inducement, a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment. Beer v. Griffith (1980),61 Ohio St.2d 119, 123, 15 O.O.3d 157, 160, 399 N.E.2d 1227, 1231.
Appellants argue they were fraudulently induced into entering the contract because the original purchase agreement did not include the arbitration provision or put them on notice of said provision. Appellants had put forth $1,488.00 as a nonrefundable down payment and would have forfeited the money if they had refused to sign the contract with the arbitration provision. T. at 17, 53. Appellants argue the lack of any arbitration requirement in the original purchase agreement was a misrepresentation of the facts. Appellants also claim fraud because the costs of arbitration were not disclosed. It is undisputed that the purchase agreement (Plaintiffs' Exhibit 1) did not mention the arbitration provision and included a no-refund provision on the down payment. However, practically speaking, Mark Martin, owner of appellee Martin Homes, testified he does in fact refund monies if the purchase falls through. T. at 94. It is conceded by appellants that they had copies of all the agreements and contracts and were free to ask questions about all the provisions but did not ask any. T. at 19-20, 27, 31-33, 53. Both appellants admitted they were familiar with financing although this was their largest purchase. T. at 40, 57-58. Appellants saw and read the arbitration provision, but did not question it or ask to change it. T. at 36, 47, 59. Both appellants knew they could obtain their own financing. T. at 41. Based upon the undisputed facts, we fail to find any evidence of fraud in the inducement in agreeing to the arbitration provision. Assignment of Error III is denied.
 IV
Appellants claims the trial court erred in ordering all claims against appellee Champion into arbitration. We agree. The specifics of the arbitration provision at paragraph thirteen of the retail installment sales contract limit it to the claims between the parties: Any disputes, claims or controversies arising from or relating to this Contract or the parties thereto shall be resolved by binding arbitration by one arbitrator selected by you with my consent. This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. § 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein.
 THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN).
The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this Contract.
* * *
The retail installment sales contract is a contract for the purchasing and financing of the manufactured home from appellee Martin as seller to appellants as buyers and appellee Green Tree as assignee. See. Paragraphs 2 and 3. In particular, the contract has a "no warranty" paragraph. See, Paragraph 7. The warranties offered by appellee Champion, as manufacturer of the home, are separate and apart from the retail installment sales contract. Therefore, the claims against appellee Champion are lifted from stay and are to proceed to trial separate and apart from the arbitration with appellees Martin and Green Tree. Assignment of Error IV is granted.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part and reversed in part.
 ____________________ Farmer, J.
By Edwards, J. and Milligan, V.J. concur.