HALLER ET AL., APPELLEES, *v.* BORROR CORPORATION ET AL., APPELLANTS.

[Cite as Haller *v.* Borror Corp. (1990), 50 Ohio St. 3d 10.]

(No. 88-2020 — Submitted December 12, 1989 — Decided March 21, 1990.)

*Andrea R. Yagoda* and *Jerry Weiner,* for appellees.

*Vorys, Sater, Seymour & Pease, John C. Elam* and *James E. Phillips,* for appellants Borror Corp. and Donald A. Borror.

*Porter, Wright, Morris & Arthur* and *Thomas R. Sant,* for appellants William McCauley and John Holle.

GRADY, J.    In this case we are presented with two issues: whether in an action to set aside a settlement agreement for fraud a plaintiff is required to first tender to a defendant the consideration he received in settlement, and whether an allegation that one has been wrongfully induced by another to commit a crime states an actionable claim for damages.

I
Fraud in the Factum

A release of a cause of action for damages is ordinarily an absolute bar to a later action on any claim encompassed within the release. *Perry* v. *M. O'Neil & Co.* (1908), 78 Ohio St. 200, 85 N.E. 41. To avoid that bar, the releasor must allege that the release was obtained by fraud and that he has tendered back the consideration received for his release. *Manhattan Life Ins. Co.* v. *Burke* (1903), 69 Ohio St. 294, 70 N.E. 74. Tender is only required, however, if the fraud alleged would render the release voidable. If the fraud alleged would render the release void, no tender of consideration is required and none need be alleged. *Picklesimer* v. *Baltimore & Ohio RR. Co., supra.*

Whether a release of liability is void or voidable upon an allegation of fraud is dependent on the nature of the fraud alleged. A release obtained by fraud in the factum is void *ab initio,* while a release obtained by fraud in the inducement is merely voidable upon proof of fraud. *Picklesimer* v. *Baltimore & Ohio RR. Co., supra.*

A release is obtained by fraud in the factum where an intentional act or misrepresentation of one party precludes a meeting of the minds concerning the nature or character of the purported agreement. Thus, when the actions or representations of the releasee so impair the mind and judgment of the releasor that he fails to understand the nature or consequence of his release, there has been no meeting of the minds. Where device, trick, or want of capacity produces " 'no knowledge on the part of the releasor of the nature of the instrument, or no intention on his part to sign a release or such a release as the one executed,' " there has been no meeting of the minds. *Picklesimer* v. *Baltimore & Ohio RR. Co., supra,* at 5, 38 O.O. at 478, 84 N.E. 2d at 216. In such cases the act or representation of

one party against the other constitutes fraud in the factum and renders the release obtained void *ab initio*.

However, where there is mere misrepresentation by one party of the contents of a release, the agreement is not void for fraud in the factum when the releasor has an opportunity to read and understand the document before execution. "A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. *** If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs." *Dice* v. *Akron, Canton & Youngstown RR. Co.* (1951), 155 Ohio St. 185, 191, 44 O.O. 162, 164, 98 N.E. 2d 301, 304, reversed on other grounds (1952), 342 U.S. 359; *McCuskey* v. *Budnick* (1956), 165 Ohio St. 533, 535, 60 O.O. 493, 494, 138 N.E. 2d 386, 388.

A release of liability procured through fraud in the inducement is voidable only, and can be contested only after a return or tender of consideration. Cases of fraud in the inducement " '* * * are those in which the plaintiff, while admitting that he released his claim for damages and received a consideration therefor, asserts that he was induced to do so by the defendant's fraud or misrepresentation. The fraud relates not to the nature or purport of the release, but to the facts inducing its execution, as, for instance, where there is a misrepresentation as to the nature or extent of the plaintiff's injuries.' " *Picklesimer* v. *Baltimore & Ohio RR. Co., supra,* at 4, 38 O.O. at 478, 84 N.E. at 215-216. In that event, there is no failure of understanding of the party to be bound by the release as to the nature or character of his act releasing the other party from liability. Rather, the releasor claims that he was induced to grant the release upon the wrongful conduct or misrepresentation of the person so benefited. The misrepresentation may concern the economic value of the claim released, *Picklesimer, supra,* and wrongful conduct may include even coercion and duress. *National Bank* v. *Wheelock* (1895), 52 Ohio St. 534, 40 N.E. 636. So long as the releasor understands the nature and character of his act of release and that the releasee will no longer be liable on the claims concerned, or has an opportunity to do so, the fraud is in the inducement only and does not constitute a basis to find the agreement void. In that event it is voidable only, and in order to subject it to attack the releasor must first tender back the consideration paid. No tender is required for fraud in the factum, if alleged.

The foregoing distinctions between fraud in the factum and fraud in the inducement, and the resulting voidability of a release procured, arise from two well-settled policies of the law. First, the law favors the prevention of litigation by the compromise and settlement of controversies. *White* v. *Brocaw* (1863), 14 Ohio St. 339, 346. Second, a releasor ought not be allowed to retain the benefit of his act of compromise and at the same time attack its validity when he understood the nature and consequence of his act, regardless of the basic nature of the inducement employed. *Shallenberger* v. *Motorists Mut. Ins. Co.* (1958), 167 Ohio St. 494, 5 O.O. 2d 173, 150 N.E. 2d 295. In that event, the consideration should first be returned so that the parties may be placed in the positions they enjoyed prior to the practice of the fraud alleged.

Whether a release was procured through fraud of either type is a question for the trier of fact. Whether the fraud as alleged is in the factum or in

the inducement is an issue of law for the court. *Dice* v. *Akron, Canton & Youngstown RR. Co., supra.*

Applying the foregoing rules to the case before us, we find that the court of appeals erred in its determination that the Hallers' complaint alleged fraud in the factum. The Hallers have not alleged that they failed to understand the release they signed. Rather, they have alleged that the value of the consideration paid in the sale was misrepresented to them when Donald Borror represented that Kinetic Structures was about to be closed. Also, the Hallers alleged that their release was procured through duress. However, neither cause constitutes fraud in the factum. They are purely matters of fraud in the inducement. The pleadings therefore set up an allegation of a settlement agreement and release that is only voidable, and in order to attack that release for fraud the Hallers are first required to tender back the consideration they received in the amount of $50,000 and other benefits. This they have neither done nor alleged to have done.

We find that the court of appeals erred in its conclusion and order. The judgment and decision of the trial court making findings consistent with the foregoing discussion is to be reinstated.

## II
### Inducement to Commit a Crime

In paragraphs 29 through 33 of their complaint, the Hallers alleged that on or about May 5, 1986, Donald Borror intentionally and maliciously caused Haller to commit a crime by inducing him to make statements which "could be tantamount to the crime of extortion," though Donald Borror

knew that Haller's true intent and desire was only to collect a debt due him.[3] Appellants Borror filed a motion to dismiss pursuant to Civ. R. 12(B)(6), arguing that the Hallers' complaint in these matters failed to state a claim upon which relief can be granted. The trial court converted the motion to one under Civ. R. 56 for summary judgment.

The trial court dismissed the foregoing intentional tort allegations in its grant of summary judgment for appellants Borror. That summary judgment was based on the force of the Hallers' June 6, 1985 release of Borror Corporation from civil liability. However, the release is retrospective only and cannot encompass an alleged intentional tort founded on acts that took place almost a year later on May 5, 1986. The trial court erred in granting summary judgment on the intentional tort alleged, and should have considered it as against appellants' motion to dismiss under Civ. R. 12(B)(6).

Appellees rely for support of their cause of action on 4 Restatement of the Law 2d, Torts (1979), Sections 870 and 871(A). Those sections state:

"[Section] 870. Liability for Intended Consequences — General Principle

"One who intentionally causes injury to another is subject to liability to the other for that injury, if his conduct is generally culpable and not justifiable under the circumstances. This liability may be imposed although the actor's conduct does not come within a traditional category of tort liability." *Id.* at 279.

"[Section] 871A. Intentionally Causing Liability

"One who intentionally creates

---

[3] Haller's statements were made in the course of several meetings during which it could be construed that Haller demanded additional payments and threatened Donald Borror if he failed to pay.

civil or criminal liability against another is subject to liability to the other if his conduct is generally culpable and not justifiable under the circumstances." *Id.* at 294.

Ohio has not heretofore recognized a cause of action for inducing another to commit a crime. Any acceptance of appellees' theory requires an examination of the principles and policies advocated by appellees and set out in the Restatement.

Section 871(A) of the Restatement provides a particularized application of the general principles of Section 870. However, the specific tort of inducing another to commit a criminal act is not discussed in the comments to Section 871(A), and the examples given there do not concern such conduct. The section is, therefore, of very limited application to this question.

Section 870 does not create a cause of action but, instead, states a general principle of liability for tortious conduct involving harm that is intentionally inflicted. Whether a cause of action exists depends on the facts alleged in support of the principle.

A tort is a wrong that results in harm to another, and an intentional tort is one in which the actor intends to produce the harm that ensues. It is not enough that he intend to perform the act; he must intend to produce the harm. The law recognizes a duty to abstain from the wrong of intentional harm to others. To constitute the wrong there must be some invasion of a right held by another, or a breach of that right, or a failure to perform a duty in respect to that right. The harm may be to person or property. To sustain an action for the harm there must be an injury to a recognized legal right. A mere intention to do a wrong not connected with the infringement of a legal right cannot be made the subject of a civil action. 88 Ohio Jurisprudence 3d (1989) 314, Torts, Section 10.

One injured by the wrongful act of another may have a cause of action for his injury and is entitled to compensation from the wrongdoer. The law has recognized causes of action for a variety of intentional torts, including injury to rights in property,[4] injury to reputation,[5] interference with social and family relationships,[6] interference in business relationships,[7] and interference with contract rights.[8] In such cases the law has generally required proof that the defendant has acted maliciously. 74 American Jurisprudence 2d (1974) 653, Torts, Section 40.

In order to maintain an action for intentional tort, a plaintiff must show that the wrong of the defendant is the proximate or legal cause of the harm complained of. Also, the plaintiff himself may not have contributed to the wrongful act or the harm complained of. 74 American Jurisprudence 2d Torts, *supra,* at 628, 642, Sections 10, 26.

Section 16, Article I of the Ohio Constitution requires that "all courts shall be open, and every person, for an injury done him in his land, goods, person or reputation, shall have remedy by due course of law, and shall have

---

[4] *Cincinnati & Suburban Bell Tel. Co.* v. *Eadler* (1944), 75 Ohio App. 258, 31 O.O. 18, 61 N.E. 2d 795.

[5] *Harris* v. *Nashville Trust Co.* (1914), 128 Tenn. 573, 162 S.W. 584.

[6] 74 American Jurisprudence 2d (1974) 647, Torts, Section 33.

[7] *Juhasz* v. *Quik Shops, Inc.* (1977), 55 Ohio App. 2d 51, 9 O.O. 3d 216, 379 N.E. 2d 235.

[8] *Texaco* v. *Pennzoil Co.* (Tex. App. 1987), 729 S.W. 2d 768; *Sterling & Welch Co.* v. *Duke* (C.P. 1946), 33 O.O. 482, 67 N.E. 2d 24; *Reichman* v. *Drake* (1951), 89 Ohio App. 222, 45 O.O. 444, 100 N.E. 2d 533.

justice administered without denial or delay." The scope of that right includes actions for tortious conduct. *Williams* v. *Marion Rapid Transit, Inc.* (1949), 152 Ohio St. 114, 39 O.O. 433, 87 N.E. 2d 334. Whether the acts alleged by the Hallers, *viz.,* inducing another to commit a criminal act, constitute such tortious conduct requires analysis according to the foregoing principles governing intentional torts.

When one acts maliciously and intentionally to cause another to commit harm to his own interests or those of a third person, tortious conduct has occurred. The tortfeasor is ordinarily liable to the person suffering the harm for the value of his loss. However, to sustain a cause of action, the harm concerned must be to a recognized legal right. In the terms of the Restatement, "the harm must be to a legally protected interest of the plaintiff."[9]

The essence of the Hallers' cause of action is either (1) that Haller has a legally protected right to be free from inducements which caused him to commit a crime, or (2) that he has a legally protected right to commit a crime without the harm caused by Donald Borror's inducements. In neither case do the Hallers have a cause of action recognized by law. Each is based on a notion that the underlying right is legally protected, but it is not. Inducing another to commit a crime does not create a cause of action because, though harm results to the one induced to commit a crime, there is no legally protected right to commit a crime. The Hallers do not state a set of facts showing that they have suffered harm to a legally protected interest because of Donald Borror's act.

The Hallers' complaint alleges that Donald Borror induced Haller to commit a crime, though Haller denies that was his intent. Haller thus pleads that his own act has contributed to the harm complained of. Once a person has committed a crime, his criminal conduct acts to cut off any cause of action sounding in tort against another for inducing the complainant to commit a crime. Haller has thereby pleaded matters of his own conduct that intervene in the chain of causation to cut off Borror Corporation from any liability for the harm suffered by the Hallers.

For the foregoing reasons, we conclude that the Hallers have failed to state a claim upon which relief may be granted and that their complaint on these matters should be dismissed pursuant to Civ. R. 12(B)(6).

### III
### Conclusion

The judgment of the court of appeals is reversed and the judgment and decision of the trial court granting summary judgment on all claims encompassed within appellees' release is reinstated. We remand the cause to the trial court and mandate entry of judgment in favor of appellants pursuant to Civ. R. 12(B)(6) concerning all other claims of appellees.

*Judgment reversed.*

SWEENEY, Acting C.J., DOUGLAS, WRIGHT, EVANS and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.

THOMAS J. GRADY, J., of the Second Appellate District, sitting for MOYER, C.J.

JOHN R. EVANS, J., of the Third Appellate District, sitting for H. BROWN, J.

---

[9] Restatement of the Law 2d (1979) 282, Torts, Section 870, Comment *e.*