## YOUNG

v.

## GLAZE.

Wadsworth County Municipal Court.

No. 93–CVI–226.

Decided Feb. 24, 1994.

76

*Charles C. Young, pro se.*

*Robert A. Glaze, pro se.*

JAMES L. KIMBLER, Judge.

Defendant Robert A. Glaze is the owner of a Mail Boxes Etc. franchise in Wadsworth, Ohio. Plaintiff is a collector and seller of antique toys. On May 20, 1993, plaintiff's father, acting for plaintiff, went to defendant's business to ship antique toys and their boxes to a buyer in Indiana. Defendant's employee who was taking orders showed plaintiff's father a shipping form used by Mail Boxes Etc. for shipping packages via United Parcel Service.

The form, which is preprinted, has a clause that limits the liability of Mail Boxes Etc. The clause states that Mail Boxes Etc. "assumes no liability for the successful completion of the delivery of the parcel(s) accepted for shipment nor for loss or damage by any cause to the parcel(s)." Plaintiff's father did not read the shipping order prior to placing the shipment, nor was this clause pointed out to him by the employee. Plaintiff's father filled out the top part of the form indicating the name and address of the shipper and the name and address of the recipient, declared that the contents had a value of $1,000.00, and paid the $13.52 charge.

The toys and boxes were then shipped to the buyer. When they arrived in Indiana, the toys and boxes were damaged. In the antique toy business the box the toy came in is oftentimes more valuable than the toy itself. The damage was such that the buyer no longer wished to purchase the toys and boxes. Instead, he shipped them back to plaintiff. Plaintiff then brought suit for the reasonable value of the toys and boxes.

The transaction between the parties was a bailment. A bailment occurs when one person delivers goods or personal property to another person to be held for a particular purpose, pursuant to either an express or implied contract that the property shall be returned once the purpose has been executed. *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App.3d 826, 621 N.E.2d 1294. In this case, plaintiff, through his agent, delivered the antique toys and boxes to defendant for the purpose of delivering the goods to Indiana. Plaintiff is the bailor of the property and defendant is the bailee.

In order to establish a prima facie case of a bailee's liability, a bailor must prove: (1) existence of a bailment contract; (2) delivery of the bailed property to the bailee; and (3) failure of the bailee to deliver the bailed property undamaged pursuant to the terms of the bailment. *Collins, supra.*

In this case, plaintiff has demonstrated all three of the above elements. Once a bailor has established a prima facie case of the bailee's liability, the bailee can only escape liability by either establishing an affirmative defense, such as the bailee exercised ordinary care in safeguarding the bailed property, or that the bailor accepted the responsibility for the loss. *Collins, supra.* In this case, defendant is relying on the clause limiting his liability.

As pointed out in *Collins*, 86 Ohio App.3d at 832, 621 N.E.2d at 1298:

"As a general proposition, attempts to excuse liability for negligence by contract are disfavored in the law. This is especially true in the case of bailments made in the course of a general dealing with the public. Nonetheless, absent important public policy concerns, unconscionability, or vague and ambiguous terms, limiting or exculpatory provisions will be upheld."

In this case, the court finds that the clause limiting defendant's liability was not vague or ambiguous. Therefore, the question becomes whether (1) the clause is unconscionable and/or against public policy or (2) did the contract entered into by the parties include that clause. If the contract did not include the clause limiting defendant's liability, then the court does not have to consider whether or not the clause is unconscionable.

The preprinted form furnished by defendant has a place for the signature of the shipper and/or his agent. In this case, the signature line was left blank by plaintiff's father. He testified that he did not read the form, nor was the clause in question pointed out to him by defendant's employee. Once he had filled out the customer's name and address and the recipient's name and address and the value, he was then charged $13.52 and defendant's employee accepted the form.

It is the law in Ohio that if a party signs a contract without reading the contract, he or she is bound by its terms regardless of whether or not he or she

subjectively knew the terms of the contract. *Haller v. Borror Corp.* (1990), 50 Ohio St.3d 10, 14, 552 N.E.2d 207, 210–211. In this case, however, plaintiff's father did not sign the contract. Does that make a difference?

 The function of a signature on a contract is to indicate that the signor has accepted the terms of the contract. It is the law in Ohio, however, that a unilateral contract can be accepted by means of performance. *Helle v. Landmark, Inc.* (1984), 15 Ohio App.3d 1, 15 OBR 22, 472 N.E.2d 765. A unilateral contract is a contract in which an offer is accepted by performance rather than by a return promise to perform. In this case, the contract between the parties was a unilateral contract. Defendant's offer to perform the shipping services for plaintiff was accepted by the payment of defendant's fee.

Since performance can serve as acceptance of the terms of a contract, it is not necessary that there be a signature on a contract to show acceptance of the terms of the contract, absent a requirement that a contract be signed. In this case, the contract between the parties is not a type of contract that requires a signature.

Accordingly, this court holds that since plaintiff's father was given the *opportunity* to read the contract, and went ahead and paid the fee, plaintiff is bound by the terms of the contract even though his father did not read the contract or sign it. As a result, the contract between the parties did contain the clause limiting defendant's liability.

The next issue is whether or not such a clause is unconscionable and/or against public policy and, therefore, ought not to be enforced.

 As pointed out in *Collins, supra,* in determining whether or not an exculpatory clause is against public policy the courts have considered the following: whether the goods or services are necessary for a person's living needs, whether the supplier assumes a quasi-public function in providing the goods and/or services, whether the supplier has been granted a monopoly, and whether the exculpatory provision is such that a customer has to assent to its terms.

 Applying the above analysis, the court finds that the clause in question is not against public policy. The service supplied was not necessary for plaintiff's living needs, defendant was not assuming a quasi-public function in providing the services, defendant has not been granted a monopoly, and there is no evidence that plaintiff could not have negotiated with either defendant or another business to have the goods shipped without the contract containing an exculpatory clause.

 This court further finds that the clause is not unconscionable and, therefore, not enforceable. The concept of unconscionability includes an absence of meaningful choice on the part of one of the parties, combined with contract

terms that are unreasonably favorable to the other party. *Orlett v. Suburban Propane* (1989), 54 Ohio App.3d 127, 561 N.E.2d 1066.

In this case, there is no evidence that plaintiff could not have bargained for the removal of the exculpatory clause. Furthermore, there is no evidence that other shippers would not have shipped the goods without such a clause in the shipping contract.

In addition, the court finds that the clause is not unreasonably favorable to defendant. In this case, plaintiff is attempting to recover $1,000 in damages when defendant received $13.52 from plaintiff. Obviously, the charge for defendant's services is minimal compared to the potential liability. In addition, defendant is in a position of having to rely upon shippers to actually ship the goods and is not in the position to control the actions of such shippers. Therefore, the court finds that the exculpatory clause is not commercially unreasonable or overly favorable to defendant.

Applying the above analysis, the court finds in favor of defendant upon plaintiff's complaint. Costs are taxed to plaintiff.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

*So ordered.*