MONTGOMERY COUNTY COMMUNITY COLLEGE DISTRICT, Appellant,

v.

DONNELL, INC. et al., Appellees; Lorenz & Williams Assoc., Inc., Appellant.

[Cite as *Montgomery Cty. Community College Dist. v. Donnell, Inc.* (2001), 141 Ohio App.3d 593.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 18481 and 18484.

Decided March 30, 2001.

594

*Michael P. McNamee,* for plaintiff-appellant.

*Robert T. Dunlevey, Jr.,* and *Scott T. Stirling,* for appellee Donnell, Inc.

*D. Scott Gurney; Scott R. Brown,* for appellee Turner Construction Company.

*Neil F. Freund; John G. Witherspoon, Jr.,* for appellant Lorenz & Williams Associates, Inc.

GRADY, Judge.

This is an appeal from an order of the court of common pleas entered pursuant to R.C. 2711.02 staying proceedings in an action for declaratory judgment and breach of contract pending arbitration of the issues and disputes involved.

The declaratory judgment was sought by Montgomery County Community College District. It asked the court to construe its contract with Donnell, Inc. ("Donnell"), which had made physical improvements at Sinclair Community College. Donnell had asked for additional compensation as an "equitable adjustment" pursuant to the contract. Montgomery County Community College District ("Sinclair") asked the court to determine its rights and duties in that respect. It also pleaded breach-of-contract and bad-faith claims against Donnell.

Donnell invoked an arbitration provision in its contract with Sinclair, asking the court to enforce the arbitration agreement pursuant to R.C. 2711.01 and to stay the proceedings pursuant to R.C. 2711.02. Sinclair opposed Donnell's request, arguing that the arbitration agreement was void.

Sinclair's attack on its arbitration agreement with Donnell relied on a condition subsequent attached to that agreement. The condition provides that if either party asks any third party to participate in a requested arbitration and the third party does not agree to be included, the requesting party may in its discretion elect to void the arbitration clause and proceed to litigation. In this instance, according to Sinclair, it requested three such parties who were also involved in the work that Donnell had performed to join in the arbitration, and none had agreed to do so. Therefore, according to Sinclair, the arbitration agreement was not enforceable by Donnell because Sinclair had exercised its power to void the arbitration clause and proceed to litigate.

The three third parties that Sinclair had requested to join in the arbitration are Lorenz & Williams Associates, Inc., the architects on the project; Turner Construction Co., the project manager; and Stan and Associates, Inc., a subcontractor of Donnell. Each was a "third party" to the bilateral agreement between Sinclair and Donnell. Each is also subject to its own contract with Sinclair containing the same arbitration and voiding clause.

The trial court took no evidence on either Donnell's motion to enforce the arbitration agreement and stay the proceedings or Sinclair's opposition to Donnell's requests. Nevertheless, the court found that Sinclair had breached its duty of good faith when it sought to join the other parties in the arbitration, having done so solely to avoid arbitration. On that basis, the court granted Donnell's motions to compel arbitration and stay the proceedings.

Sinclair filed a timely notice of appeal from the stay order, which is a final, appealable order per R.C. 2711.02. Lorenz & Williams Associates, Inc. ("Lorenz & Williams"), also a party to this action, filed a notice of appeal from the order compelling arbitration.

## SINCLAIR'S ASSIGNMENTS OF ERROR

### FIRST ASSIGNMENT OF ERROR

"The trial court erred by failing to correctly interpret and apply the arbitration clause in the dispute between Sinclair and Donnell"

### SECOND ASSIGNMENT OF ERROR

"The trial court committed reversible error by imposing an 'inherent good faith obligation' upon Sinclair regarding Sinclair's discretionary designation of third parties 'deemed appropriate to aid in the resolution of the dispute.'"

R.C. 2711.01 creates a right to enforce an arbitration clause in a contract when claims for relief pleaded in an action present issues for the court's determination

that are referable to arbitration pursuant to the terms of the agreement to arbitrate. If the court finds that they are, the court must stay the proceedings before it upon the application of one of the parties to the action until arbitration "has been had in accordance with the agreement." R.C. 2711.02. However, the applicant cannot be "in default in proceeding with arbitration." *Id.*

The relief that 2711.01 and 2711.02 create requires the court to engage in a summary form of proceeding to determine two issues. The first is whether an enforceable arbitration agreement exists. Because that presents a question of fact, an ambiguity in the agreement or a dispute in that regard must be resolved by an evidentiary hearing. See *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 692 N.E.2d 574. If the court finds an enforceable agreement, it must then determine whether the issues involved in the claims for relief pleaded in the action are referable to arbitration. In most instances, that question may be determined from the face of the pleadings. When that is possible, no evidence is required for the determination.

In *ABM Farms, Inc., supra,* the party resisting arbitration claimed that she had been fraudulently induced to enter into the contract containing the arbitration clause. That particular claim related " 'not to the nature or purpose of the [contract], but to the facts inducing its execution.' " *Id.* at 502, 692 N.E.2d at 578, quoting *Haller v. Borror Corp* (1990), 50 Ohio St.3d 10, 14, 552 N.E.2d 207, 210–211. The Supreme Court held that the party resisting arbitration "must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." *Id.* at syllabus. Because the facts which the trial court had adduced failed to demonstrate fraud with respect to the arbitration agreement itself, an arbitration and stay were proper. *Id.*

In *ABM Farms, Inc., supra,* the court observed that "R.C. 2711.01 more generally acknowledges that an arbitration clause is, in effect, a contract within a contract, subject to revocation on its own merits." *Id.* at 502, 692 N.E.2d at 577. The issue presented here is whether the arbitration clause in the contract between Sinclair and Donnell was revocable, not for fraud but because Sinclair had exercised its rights under the condition subsequent concerning third parties and elected to litigate, instead of arbitrate, Donnell's claim for additional compensation.

The court rejected Sinclair's claim that the arbitration clause was revocable, not because Sinclair had failed to satisfy the conditions for revocation but because Sinclair had breached its duty of good faith in exercising its option to litigate. The court stated:

"The Court determines that the facts of this matter could be construed to demonstrate that Sinclair, in breach of their inherent, good faith obligation, has

asserted joinder of parties, whom they argue are unnecessary, solely to escape arbitration. Signs of this endeavor are: 1) Sinclair makes *no claims* against Turner, Lorenz and Stan in the lawsuit they have filed; 2) Sinclair would not disclose whether they believed other parties were necessary prior to Donnell's filing of Arbitration Demand; 3) The progress of the building contracts could lead to the conclusion that Turner aligned itself with Sinclair, and against Donnell, in the early stages of the construction; 4) Sinclair failed to join Orbit in this declaratory judgment although Orbit presented an equitable adjustment claim of some $528,000.00 and clearly has a 'claim or interest which may be affected by this declaratory judgment' (Complaint ¶ 85), even more so than Sinclair's purported necessary parties; 5) If Sinclair has a claim against Turner or Lorenz, or vice-versa, those claims themselves are subject to arbitration; and 6) Sinclair attempts to have the Construction Manager and Architect join in arbitration under Section 7.5.2 of the Construction Agreement yet they are precluded from joining those parties by Section 4.9.5 of the General Conditions of the Contract for Construction included in the Project Manual."

As the court stated in the first line of its decision, and notwithstanding its use of the subjunctive mood in determining how the facts it found "could be construed," the court found facts from which it concluded that Sinclair had breached its duty of good faith. The court then held that the revocation provision in the arbitration clause was unenforceable by Sinclair for that reason. Because its holding went to the merits of the right of revocation that Sinclair had exercised, the court was required to conduct an evidentiary hearing in order to determine the facts that it found. The court conducted no evidentiary hearing. Indeed, it overruled Sinclair's request for a hearing. The court erred in so doing.

Sinclair also argues, and we agree, that the particular facts which the court found, even if true, fail to demonstrate a breach of a duty Sinclair owed Donnell. Even if Sinclair intentionally procured the refusals of Lorenz & Williams, Turner Construction, and Stan to arbitrate, and even if Sinclair failed to enforce its rights to demand that they arbitrate, and even if Sinclair is motivated by a desire to wear down Donnell through litigation and the costs that involves, Sinclair is nevertheless acting pursuant to its contract rights.

"Firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted for lack of 'good faith.' Although courts often refer to the obligation of good faith that exists in every contractual relation, * * * this is not an invitation to the court to decide whether one party ought to have exercised privileges expressly reserved in the document. 'Good faith' is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not

have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties." *Ed Schory & Sons, Inc. v. Soc. Natl. Bank* (1996), 75 Ohio St.3d 433, 443, 662 N.E.2d 1074, 1082–1083.

The matters that the court found from which it concluded that Sinclair had acted in bad faith could have been contemplated by Donnell when it signed the contract containing the arbitration clause. The contract was between two commercial entities, which had bargained at arm's length. Neither the fact that Sinclair prepared the contract nor the fact that Donnell did not anticipate that Sinclair would act as it did can invest Donnell with some right of protection against these particular acts or omissions of Sinclair other or greater than their contract confers.

For the reasons stated above, Sinclair's assignments of error will be sustained.

### LORENZ & WILLIAMS, INC.'S ASSIGNMENT OF ERROR

"The trial court erred in referring this case to arbitration because of the principles of freedom [of] contract and because it is contrary to the provisions [of the] contract documents that reflect an agreement between sophisticated parties as to the allocations of rights and duties concerning arbitration."

This assignment of error is sustained for the reasons we explained in sustaining the assignments presented by Sinclair.

### Conclusion

Having sustained the assignments of error presented in this appeal, we reverse the order of the court of common pleas staying proceedings in the action before it and remand the matter for further proceedings on the claims for relief involved.

*Judgment reversed
and cause remanded.*

BROGAN and FAIN, JJ., concur.