OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Domestic Linen Supply Laundry Co., d.b.a., Domestic Uniform Rental, appeals from a final judgment of the Niles Municipal Court overruling its motion to dismiss and/or stay proceedings pending arbitration.
 {¶ 2} The following facts are relevant to this appeal. On September 14, 2001, appellee, Lou Carbone Plumbing, Inc., filed a complaint against appellant seeking declaratory relief. Specifically, appellee asked the trial court to determine whether or not a contract signed by the parties was a valid and enforceable agreement.
 {¶ 3} Appellant filed an answer that included a motion to dismiss appellee's complaint and/or stay the proceedings pending arbitration between the parties. According to appellant, the contract in question included a valid arbitration clause requiring any dispute arising out of or relating to the agreement be submitted to arbitration.[1] Appellant also maintained that the company had already filed a demand for arbitration with the American Arbitration Association based on a breach of contract, and that this action was still pending.
 {¶ 4} In response, appellee filed a brief in opposition, arguing that the matter should not be referred to arbitration. Appellee submitted that the question of whether the parties had ever entered into a valid contract should be determined before appellant can proceed to arbitration to enforce the terms of the contract.
 {¶ 5} The trial court issued an abbreviated judgment entry on January 17, 2002, overruling appellant's motion to dismiss and/or stay the proceedings. From this, appellant filed a timely notice of appeal with this court. The company now argues under its sole assignment of error that the trial court erred in overruling its motion because appellee provided no evidence that the arbitration provision contained in the contract was fraudulently induced.
 {¶ 6} Generally speaking, public policy encourages the resolution of disputes through arbitration. ABM Farms, Inc. v. Woods,81 Ohio St.3d 498, 500, 1998-Ohio-612. R.C. 2711.02 requires a trial court to stay an action if the issue involved falls under an arbitration agreement. Furthermore, under R.C. 2711.03(A), a party to an arbitration agreement may seek an order directing another party to proceed to arbitration. In fact, a trial court may try the action only when either the making of the arbitration clause or the failure to abide by its terms is at issue. R.C. 2711.03(B).
 {¶ 7} An arbitration clause essentially is a contract within a contract and is valid, irrevocable, and enforceable unless otherwise determined on its own merits. R.C. 2711.01. Because the arbitration clause in a contract is separate, an alleged failure of the contract in which it is contained does not affect the clause's validity. ABM Farms at 502. The arbitration clause, if enforceable, "remains as the vehicle by which the legitimacy of the remainder of the contract is decided." Id.
 {¶ 8} Therefore, "[t]o defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract is at issue, and not merely the contract in general, was fraudulently induced." ABM Farms at syllabus. Stated differently, a court should not consider the question of whether an entire contract is void due to fraud in the inducement if the contract contains an otherwise valid arbitration clause. "If the agreement to arbitrate is not at issue, then the court must compel arbitration to proceed." Windham Foods, Inc. v. Fleming Companies, Inc. (May 2, 1997), 11th Dist. Nos. 96-T-5515 and 96-T-5519, 1997 WL 269387, at 7.
 {¶ 9} Appellee acknowledges that a party challenging a motion to stay pending arbitration must show that the arbitration provision itself, not the contract in general, was fraudulently induced. However, appellee argues that ABM Farms and its progeny are not applicable because it alleged fraud in the factum rather than fraud in the inducement. That is to say, appellee believes that appellant's intentional misrepresentations precluded a "meeting of the minds" between the parties, effectively rendering the contract void. We disagree.
 {¶ 10} The Supreme Court of Ohio has held that "[a] claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation." ABM Farms at 502. To establish fraud in the inducement, "a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon the misrepresentation to her detriment." Id.
 {¶ 11} On the other hand, fraud in the factum occurs when "a legal instrument as actually executed differs from the one intended for execution by the person who executes it, or when the instrument may have had no legal existence." Black's Law Dictionary (7 Ed.Abridged 2000), 530. For example, in the context of a release from liability, "[f]raud in the factum can exist only where an act or misrepresentation of one party causes another to agree to the release without an understanding that he has done so and that the releasee will no longer be liable on the claims concerned." Haller v. Borror Corp. (1990), 50 Ohio St.3d 10, paragraph one of the syllabus.
 {¶ 12} Here, appellee claims that a representative of appellant "misrepresented the nature of the blank form agreement by assuring [Vickie Schuller ("Schuller")] that her signature did not create a binding contract[,]" as there were terms left to be determined by the parties. If the arbitrator finds this to be true, this would be an excellent example of fraud in the inducement. In her affidavit, Schuller stated that "a blank form contract was presented to her with the explanation that if she signed the blank contract, the prices, sizes and other details would be worked out at a later date, and that [appellee] had the option of canceling at any time." (Emphasis added.) Be that as it may, the manner in which Schuller signed the document in question resulted in the matter being committed to arbitration as the means of dispute resolution. Accordingly, the question is not whether Schuller voluntarily signed a contract containing an arbitration clause, she did, but whether appellant's representative intentionally made a knowing, material misrepresentation to induce Schuller into signing the agreement. See ABM Farms at 503 (holding that "[a] classic claim of fraudulent inducement asserts that a misrepresentation of facts outside the contract or other wrongful conduct induced a party to enter into the contract.").
 {¶ 13} Unfortunately, when confronted with a broad arbitration clause such as the one here, courts are not allowed to consider allegations that the contract containing the arbitration clause is invalid and must limit their inquires to the question of whether the arbitration clause is valid. Cross v. Carnes (1998), 132 Ohio App.3d 157,164-165. Accordingly, because there is nothing in the record suggesting that appellant made a misrepresentation about the arbitration clause itself, we conclude that there is no evidence of fraudulent inducement, and that the existence of the contract is an issue to be settled by arbitration.
 {¶ 14} Based on the foregoing analysis, appellant's sole assignment of error has merit. The judgment of the trial court is reversed, and the matter is remanded so that the trial court can enter an order staying the case pending arbitration.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.
[1] The contract included the following language:
"15. In the event of any controversy or claim in excess of $5,000.00 arising out of or relating to this agreement, including but not limited to questions regarding the authority of the persons who have executed this agreement, the question, controversy or dispute shall be submitted to and settled by arbitration ***."