[Cite as *Campbell v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3897.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JILLENE CAMPBELL

 Plaintiff

 V.

DEPARTMENT OF REHABILITATION AND CORRECTION

 Defendant

 Case No. 2010-04840

Judge Joseph T. Clark

DECISION

{¶ 1} On April 26, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On May 23, 2011, plaintiff filed a memorandum in opposition. On May 27, 2011, defendant filed a motion for an extension of time to file a reply, which is DENIED. The motion for summary judgment is now before the court for a non-oral hearing pursuant to L.C.C.R. 4.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} Plaintiff has been employed with defendant as a corrections officer at the Montgomery Education and Pre-Release Center (MEPRC) from June 2000 to October 2006, and from May 2007 to the present.  Plaintiff alleges that during each of her tenures at MEPRC, she has experienced discrimination based upon her status as a Caucasian. Plaintiff relates that she filed a complaint with the Ohio Civil Rights Commission (OCRC) on August 31, 2005, alleging that defendant discriminated against her on the basis of her race, and that on June 22, 2006, the OCRC found probable cause to believe that defendant had engaged in unlawful discrimination.  On October 11, 2006, defendant terminated plaintiff's employment, an act which plaintiff characterizes as retaliation for her filing the OCRC complaint.

{¶ 5} Plaintiff challenged the termination by filing a grievance against defendant pursuant to a collective bargaining agreement.  On April 24, 2007, plaintiff and defendant reached a "grievance settlement agreement" whereby defendant agreed to reinstate plaintiff's employment effective May 27, 2007, and plaintiff agreed to waive any legal claims based upon her termination.  Plaintiff resumed working at MEPRC in accordance with the agreement and remains so employed.  Plaintiff states that since returning to MEPRC, she has continued to experience racial discrimination.

{¶ 6} Plaintiff brings this action pursuant to R.C. 4112.99 for retaliation and racial discrimination.  Defendant asserts that plaintiff waived any claims arising out of her 2006 termination and that her remaining claims are barred by the applicable statute of limitations.

{¶ 7} According to the complaint, the termination of plaintiff's employment in 2006 is the basis for plaintiff's claim of retaliation, and her claims of racial discrimination are also predicated, at least in part, upon that termination.  The general rule under Ohio law is that a release of a cause of action for damages is "an absolute bar to a later action on any claim encompassed within the release."  *Haller v. Borror Corp.* (1990), 50 Ohio St.3d 10, 13.  Accordingly, plaintiff's claims arising from her termination in 2006 are

barred by the April 2007 "grievance settlement agreement" and defendant is entitled to summary judgment on the same.

{¶ 8} With respect to the statute of limitations, R.C. 2743.16(A) provides, in relevant part: "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of the accrual of the cause of action * * *." Plaintiff filed her original complaint on July 23, 2007, in Case No. 2007-06578, which was later voluntarily dismissed and re-filed pursuant to the savings statute, R.C. 2305.19(A). The incidents of racial discrimination alleged to have occurred prior to July 23, 2005, fall outside the two-year statute of limitations; however, to the extent that plaintiff alleges that she was subjected to racial discrimination on or after July 23, 2005, such claims were timely filed.

{¶ 9} Defendant argues in its motion that plaintiff nonetheless cannot establish a prima facie claim of racial discrimination arising on or after July 23, 2005.

{¶ 10} R.C. 4112.02 states, in part:

{¶ 11} "It shall be an unlawful discriminatory practice: (A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

{¶ 12} "[T]o establish a prima facie case of reverse race discrimination, a plaintiff must show: (1) background circumstances supporting the inference that the plaintiff's employer was the unusual employer who discriminated against non-minority employees; (2) that the employer took an action adverse to the plaintiff's employment; (3) that the plaintiff was qualified for the position; and (4) that the employer treated the plaintiff disparately from similarly situated minority employees." *Mowery v. Columbus*, Franklin App. No. 05AP-266, 2006-Ohio-1153, ¶44.

{¶ 13} To the extent that plaintiff alleges a separate claim of racial discrimination in the form of a hostile work environment, this claim requires that plaintiff establish "(1) the employee was a member of the protected class; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based upon race; (4) the harassment had the purpose or effect of unreasonably interfering with the employee's work performance or creating an intimidating, hostile, or offensive work

environment; and (5) the existence of respondeat superior liability." *Zacchaeus v. Mt. Carmel Health Sys.*, Franklin App. No. 01AP-683, 2002-Ohio-444.

{¶ 14} In support of its motion, defendant submitted the affidavit of Don Overstreet, the Labor Relations Officer for MEPRC. Overstreet states, in part:

{¶ 15} "7. Throughout her employment with [defendant], [plaintiff] has been treated in accordance with the same terms and conditions as other [of defendant's] employees irrespective of her race. None of the discipline imposed upon her was related to her race.

{¶ 16} "8. [Defendant] had a legitimate business reason, namely the enforcement of its Standards of Employee Conduct, when it issued any and all discipline to [plaintiff]. "* * *

{¶ 17} "10. [Defendant] has a policy prohibiting discrimination. At all times [plaintiff] has been subjected to the same terms and conditions as other similarly situated [defendant] employees."

{¶ 18} In response to defendant's motion, plaintiff submitted her own affidavit, to which she attached numerous incident reports, documentation of disciplinary actions and investigations, State Highway Patrol reports, grievance documentation, performance reviews, employee rosters, and newspaper articles. However, plaintiff failed to properly authenticate any of the attachments. Accordingly, the documents labeled B through X will not be considered in ruling on defendant's motion. See *Thompson v. Hayes*, Franklin App. No. 05AP-476, 2006-Ohio-6000, ¶106.

{¶ 19} Although plaintiff's affidavit testimony includes various statements concerning discrimination or harassment occurring before July 23, 2005, plaintiff makes little reference to any such conduct that occurred on or after that date.

{¶ 20} In one instance, plaintiff states that on August 6, 2007, defendant terminated her employment as a result of her being "2.35 hours short of sick leave," although the termination was later retracted upon the execution of a "last chance agreement." According to plaintiff, "[s]everal black corrections officers, including Randy Strong, Terri Carter and Letitia Sturdivant, had negative sick time and were not fired by [defendant]."

{¶ 21} Plaintiff's affidavit also makes conclusory references to "continued harassment" by supervisors occurring throughout her employment with defendant, but

she describes only one such incident which allegedly occurred on or after July 23, 2005. Plaintiff states, in part:

{¶ 22} "42.  In 2006, Captain Sell[e]rs physically assaulted me on the grounds with impunity.

{¶ 23} "43.  Captain Sellers was not fired for assaulting me, she was told to stay away from me.

{¶ 24} "44.  I had to write several incident reports as Captain Sellers continued to harass me.

{¶ 25} "45.  No disciplinary action was ever taken against Captain Sellers for the assault or the continued harassment."

{¶ 26} Upon review, the  only reasonable conclusion to be drawn from the evidence is that plaintiff cannot establish a prima facie case of racial discrimination under theories of either disparate treatment or a hostile work environment.  While plaintiff states in her affidavit that defendant disciplined her in a disparate fashion compared to African American employees, plaintiff did not present evidence that such employees were "similarly situated" to her in that they "dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."  *Mitchell v. Toledo Hosp.* (C.A.6, 1992), 964 F.2d 577, 583.  Further, plaintiff failed to present sufficient evidence to support an inference that defendant is the rare employer who discriminates against non-minority employees.

{¶ 27} Regarding her hostile work environment claim, plaintiff's affidavit sets forth only conclusory allegations of "continued harassment" and an alleged "assault" by her supervisor in 2006.  It is only reasonable to conclude from such bare, non-specific assertions that plaintiff has failed to demonstrate conduct which was sufficiently severe or pervasive to alter the conditions of her employment.

{¶ 28} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JILLENE CAMPBELL

    Plaintiff

    V.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2010-04840

Judge Joseph T. Clark

JUDGMENT ENTRY

A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Donald F. Brezine
188 West Hebble Avenue
Fairborn, Ohio 45324-4996

Velda K. Hofacker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

RV/mdw
Filed July 8, 2011
To S.C. reporter August 2, 2011