[Cite as *Pellegrini v. Codecon, L.L.C.*, 2015-Ohio-4266.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| DANIEL D. PELLEGRINI, et al. | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiffs-Appellants | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2015 CA 00001 |
| CODECON, LLC dba ALL-N-ONE<br>INSPECTION SERVICE | |
| | O P I N I O N |
| Defendant-Appellee | |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2014 CV 01283 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 13, 2014 |


APPEARANCES:

| For Plaintiff-Appellants | For Defendant-Appellee |
|---|---|
| JASON M. WEIGAND<br>NIEKAMP, WEISENSELL<br>MUTERSBAUGH & MASTRANTONIO<br>The Nantucket Building<br>23 South Main Street, Third Floor<br>Akron, Ohio 44308 | COLIN P. SAMMON<br>AUDREY K. BENTZ<br>JANIK LLP<br>9200 South Hills Boulevard<br>Suite 300<br>Cleveland, Ohio 44147 |

*Wise, J.*

{¶1}.    Appellants Daniel and Kathleen Pellegrini appeal the decision of the Court of Common Pleas, Stark County, which granted a stay pending arbitration in favor of Appellee Codecon, LLC d/b/a All-N-One Inspection Service. The relevant facts leading to this appeal are as follows.

{¶2}.    In October 2013, Plaintiffs-Appellants Daniel D. Pellegrini ("Daniel") and Kathleen M. Pellegrini ("Kathleen") purchased a home in Stark County from Defendant Millionaires In Motion, LLC. Before purchasing the home, appellants obtained a home inspection from Appellee Codecon, LLC d/b/a All-N-One Inspection Service.

{¶3}.    The inspection was conducted on October 7, 2013. On that day, Daniel, Kathleen, and the real estate agent were present at the house. Daniel went outside to meet Sam Psaris, the inspector sent by appellee. After about ten minutes, Daniel went to wait inside with Kathleen and the real estate agent. At the conclusion of the inspection, appellants met with Psaris in the kitchen of the home. Daniel asked Psaris how much he owed him for the inspection, at which point Psaris produced a one-page, two-sided document. On the reverse page is a section marked "DISPUTE RESOLUTION AND REMEDY LIMITATION", under which is a provision captioned "Arbitration," the details of which are not in dispute.

{¶4}.    Also on the reverse page of the document provided to Daniel is the following language:

{¶5}.    "THE    INSPECTION,    ANCILLARY    SERVICES,    INSPECTION AGREEMENT AND REPORT DO NOT CONSTITUTE A WARRANTY, AN INSURANCE POLICY, OR A GUARANTEE OF ANY KIND; NOR DO THEY

SUBSTITUTE FOR ANY DISCLOSURE STATEMENT AS MAY BE REQUIRED BY LAW.

{¶6}. "By signing below, you acknowledge that you have read, understand and agree to the terms and conditions of this agreement, including (but not limited to) the limitation of liability, arbitration clause and limitations period, and agree to pay the fee listed in the box above."

{¶7}. Daniel proceeded to sign and initial the inspection agreement document as requested, even though he did not have his reading glasses with him. He also wrote a check to Psaris for payment. He later admitted that when he signed the agreement on the reverse page, he saw that there was other writing on that page, and that he was able to see where he was signing and initialing. Tr. at 49, 50.

{¶8}. Shortly after their purchase, appellants allegedly discovered various concealed material defects with the home.

{¶9}. On May 29, 2014, appellants filed a civil complaint against Appellee Codecon, LLC dba All-In-One Inspection Service ("Appellee" or "Codecon"), as well as Millionaires in Motion, LLC, Sam Psaris ("Psaris"), Cutler and Associates, Inc., Jennifer Mucci, and Sheila Croasmun. Appellants therein *inter alia* alleged negligence in the performance of a general home inspection, negligent misrepresentation with respect to conditions of the residence, and breach of contract.

{¶10}. On July 31, 2014, Appellee Codecon filed an answer to the complaint, generally denying the allegations of negligence, negligent misrepresentation and breach of contract. Codecon also asserted defenses arising out of the contract with appellants,

i.e., the inspection agreement dated October 7, 2013. Specifically, Codecon asserted that appellants' claims were subject to the arbitration provision therein.

{¶11}. On September 18, 2014, Appellee Codecon and Psaris filed a motion to stay the proceedings pending arbitration.

{¶12}. On September 22, 2014, appellants filed their first amended complaint, asserting the same causes of action against Appellee Codecon for negligence, negligent misrepresentation and breach of contract. [1]

{¶13}. On or about October 16, 2014, appellee filed its answer and affirmative defenses to the first amended complaint, again asserting that appellants' claims were subject to the arbitration provision of the Inspection Agreement.

{¶14}. On October 9, 2014, appellants filed a memorandum in opposition to the motion to stay the proceedings pending arbitration.

{¶15}. On October 23, 2014, appellee filed a reply brief in support of said motion to stay the proceedings.

{¶16}. The trial court conducted a hearing on the motion to stay the proceedings on October 30, 2014. Daniel and Kathleen were the only witnesses. Appellants and Appellee Codecon each filed post-hearing briefs shortly thereafter.

{¶17}. On December 4, 2014, the trial court issued a judgment entry granting Appellee Codecon's motion to stay the proceedings pending arbitration.

{¶18}. On January 2, 2015, appellants filed a notice of appeal. They herein raise the following sole Assignment of Error:

---

[1] In the amended complaint, appellants did not include Sam Psaris as an individual defendant. As such, the appellee in this matter is Codecon only.

{¶19}. "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO STAY PENDING ARBITRATION."

I.

{¶20}. In their sole Assignment of Error, appellants contend the trial court erred in granting appellee's motion to stay pending arbitration. We disagree.

*Arbitration Clause - Fraud in the Factum*

{¶21}. R.C. 2711.02(B) states as follows: "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

{¶22}. Generally, an order under R.C. 2711.02(B) that grants or denies a stay of a trial of an action pending arbitration is a final appealable order. *See* R.C. 2711.02(C). Ohio public policy favors enforcement of arbitration provisions. *See Harrison v. Toyota Motor Sales, U.S.A., Inc.,* 9th Dist. Summit No. 20815, 2002-Ohio-1642, ¶ 9.

{¶23}. Parties cannot be compelled to arbitrate a dispute which they have not agreed to submit to arbitration. *Rona Enterprises, Inc. v. Vanscoy,* 5th Dist. Perry Nos. 09CA6, 09CA8, 2010–Ohio–1836, ¶ 28. In the instant matter, appellants' defense to the applicability of the arbitration clause is based on "fraud in the factum." Fraud in the factum arises when "a legal instrument as actually executed differs from the one intended for execution by the person who executes it, or when the instrument may have

had no legal existence." *Lou Carbone Plumbing, Inc. v. Domestic Linen Supply & Laundry Co.,* 11th Dist. Trumbull No. 2002-T-0026, 2002-Ohio-7169, ¶ 11, quoting Black's Law Dictionary (7 Ed. Abridged 2000) 530. "An agreement that is obtained through fraud in the factum would void an arbitration clause because such an agreement is considered void *ab initio* and does not constitute any agreement whatsoever." *Terry v. Bishop Homes of Copley, Inc.*, 9th Dist. Summit No. 21244, 2003-Ohio-1468, ¶ 20, citing *Krist v. Curtis*, 8th Dist. Cuyahoga No. 76074, 2000 WL 640616. (Kilbane, J., dissenting). "A release is obtained by fraud in the factum where an intentional act or misrepresentation of one party precludes a meeting of the minds concerning the nature or character of the purported agreement." *Haller v. Borror Corp.,* 50 Ohio St.3d 10, 13, 552 N.E .2d 207 (1990).

### *Standard of Review*

{¶24}.  As a prefatory matter, we note both briefs in the case *sub judice* propose a "de novo" standard of review for the issues presently before us. *See* Appellants' Brief at 8; Appellee's Brief at 5. Appellants maintain there are no facts in dispute and the only question is whether appellants' undisputed evidence established fraud in the factum as a matter of law. Appellee in turn maintains that R.C. 2711.02(B), *supra*, imposes a mandatory duty to stay proceedings where the trial court is satisfied that a matter is subject to arbitration, thus leaving no discretion for the trial court.

{¶25}.  We have long recognized that "[a] trial court abuses its discretion when it fails or refuses properly to apply the law to conceded or undisputed facts." *Wood v. Wood*, 5th Dist. Muskingum No. CA 80-28, 1981 WL 6387. Generally, an appellate court reviews a trial court's stay of proceedings pending arbitration under R.C. 2711.02 under

an abuse of discretion standard. *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 159 Ohio App.3d 27, 30, 2004-Ohio-5953, citing *Pinette v. Wynn's Extended Care, Inc.,* Summit App. No. 21478, 2003-Ohio-4636, ¶ 5. Furthermore, where arbitration clauses are challenged before the trial court by allegations of waiver and/or fraud in the factum, such claims involve questions of fact, not law, and the appropriate appellate standard of review is indeed abuse of discretion. *See Dunkelman v. Cincinnati Bengals, Inc.*, 821 N.E.2d 198, 201, 158 Ohio App.3d 604, 606, 2004-Ohio-6425, ¶ 18 (1 Dist.), additional citations omitted.

{¶26}. We will therefore herein apply the "abuse of discretion" standard.[2]

*Analysis*

{¶27}. Appellants concede that the inspector, Psaris, did not pressure Daniel into signing the document in question. Appellants' Reply Brief at 5. However, appellants emphasize that Daniel has no legal training or expertise with contracts; in fact, he has never even owned a credit card. After graduating from high school in 1968, Daniel served for eight years in the U.S. Army Reserve, while in his civilian career he has worked as a laborer and machine operator for the Timken Company for forty years. He has never worked in any management capacity. Kathleen, Daniel's wife, is a high school graduate who, after raising her children, worked in a high school cafeteria and as a waitress. Daniel needs prescription glasses to read fine print, and he also wears special

---

[2]  As an additional prefatory matter, we note appellee argues in its response brief that appellants have waived an assertion of fraud in the factum by failing to plead the issue in their complaint. *See* Civ.R. 9(B). This raises the question of whether a plaintiff in appellants' claimed situation must raise the issue of fraud in the factum at the trial court level prior to a defendant raising the existence of a written contract containing an arbitration clause. However, in the interest of judicial economy, we will proceed directly to the merits in the within appeal

safety glasses to see properly at work. Kathleen indicated that she usually observes her husband wearing glasses when he is at his desk or reading fine print.

{¶28}. On the day of the inspection, Psaris was on the property for about two hours. During the inspection process, he did not supply appellants with or mention any paperwork. When Psaris was finished, he came into the kitchen area, where Daniel was standing near a countertop. Daniel asked: "Well, how much do I owe you?" Tr. at 22. Psaris presented him with a document showing *inter alia* the amount of the charges and told Daniel to initial and sign at spaces on the reverse side. Daniel did so, and then retrieved his checkbook and wrote out a check. Daniel later testified he did not see the "Page 2 of 2" designation on the reverse side to the document, even though he admittedly had signed and initialed that side. *See* Tr. at 24-25, 45. Daniel only had the document in his possession for a few seconds. He later recalled: "And the presentation was quick, to the point, there's the bill, basically, that's it; initial it, sign it." Tr. at 47. Daniel was under the impression that he was being presented with a bill for services rendered. He did not have his glasses with him at the time. Daniel testified that if he had known there were additional terms, he would have had someone, such as Kathleen, read it to him, and if he had known the full contents of the document, he would not have signed it. Tr. at 28, 52.

{¶29}. At the time the document was signed, Kathleen was standing several feet away. Psaris never gave the document to her to review or sign. Kathleen also believed the document was a receipt and only kept it to prove the bill was paid.

{¶30}. Appellants further have not alleged that Psaris made any false representations as to the nature of the agreement, although Daniel recalled that Psaris

essentially presented the document as a summary of charges. However, "[e]ven when there is misrepresentation by one party of the contents of an agreement, the agreement is not void for fraud in the factum when the signer has an opportunity to read and understand the documents before execution." *W.K. v. Farrell,* 167 Ohio App.3d 14, 853 N.E.2d 728, 2006-Ohio-2676 (2d Dist. 2006), ¶ 20, citing *Haller v. Borror Corp.,* 50 Ohio St.3d 10, 14, 552 N.E.2d 207 (1990). Daniel was specifically asked if Psaris had prevented him from reading the inspection agreement, to which he replied: "No, he didn't prevent me, but he *** also didn't tell me I had to." Tr. at 43. In addition, in regard to the factors of Daniel's level of legal expertise and his need to wear reading glasses, the Ohio Supreme Court has plainly stated: "If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs." *Dice v. The Akron, Canton & Youngstown Rd. Co.* (1951), 155 Ohio St. 185, 191, reversed on other grounds, 342 U.S. 359 (1952). As aptly recognized by a Massachusetts court: " *** [O]nly in the most extreme situations have courts of any jurisdiction found a fraud in the factum defense to be viable. Such cases typically involve lingustic [sic] or literacy barriers, or special circumstances making it reasonable for the signer to rely on the representations of another." *Brown v. Carlson*, 26 Mass.L.Rptr. 61, 2009 WL 2914191 (Mass.Super.).

{¶31}. Accordingly, we hold the trial court did not abuse its discretion or commit reversible error in granting appellee's motion to stay pending arbitration.

{¶32}.  Appellants' sole Assignment of Error is overruled.

{¶33}.  For the reasons stated in the foregoing opinion, the judgment of the Court

of Common Pleas, Stark County, Ohio, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.


JWW/d 0828