OPINION
{¶ 1} This is an appeal from an order of the court of common pleas that denied a Civ.R. 26(C) motion for protective order to limit discovery. We find no abuse of discretion, and will therefore affirm the trial court's order.
 {¶ 2} The action in which discovery was sought arises out of a single-car automobile accident that occurred on February 16, 2001. Plaintiff, Richard Fletcher, was injured while riding as a passenger in vehicle operated by Defendant, Steve Knoop. At the time, Knoop was insured by Defendant, Nationwide Insurance Company ("Nationwide") and Fletcher was insured by Defendant, Progressive Insurance Company ("Progressive"). Fletcher's Progressive policy provides uninsured/underinsured ("UM/UIM") motorist coverage.
 {¶ 3} On February 20, 2001, Fletcher executed a settlement and release of his negligence claim against Knoop. Fletcher agreed to accept $12,500 in bodily injury claim coverage and $1,000 in medical payments coverage, which were the maximum coverages that Knoop's Nationwide policy provides. The agreement was negotiated and procured by Nationwide's claims adjustor, Cori Knapke. Fletcher was paid the agreed settlement of $13,500 in a check issued by Nationwide.
 {¶ 4} Thereafter, Fletcher asked his own insurer, Progressive, to pay additional indemnification for his injuries under his own policy's UM/UIM provision. Progressive declined, citing Fletcher's failure to comply with the policy's notice and/or authorization requirements before settling with Knoop and Nationwide.
 {¶ 5} Fletcher filed the action underlying this appeal on August 14, 2001. The named defendants were Knoop and Nationwide. Subsequently, Progressive was added as a defendant. As pleaded, Fletcher's complaint set up four claims for relief.
 {¶ 6} The first claim for relief is a bodily injury claim against the alleged tortfeasor, Knoop, pleading negligence.
 {¶ 7} The second claim for relief is against Knoop and his insurer, Nationwide, in which Fletcher asks the court to find that Nationwide's claims adjustor fraudulently induced Fletcher to sign the settlement agreement, rendering it unenforceable.
 {¶ 8} The third claim for relief is founded on R.C. 3901.20 and R.C. 3901.21, and alleges unfair and deceptive sales practices on the part of Nationwide for the same fraudulent conduct.
 {¶ 9} The fourth claim for relief is a claim for UM/UIM coverage against Fletcher's own insurer, Progressive, and against his employer's insurer on a Scott-Ponzer theory.
 {¶ 10} The relief that Fletcher requested on these claims is: (1) a money judgment against Knoop, (2) a declaration that Fletcher's settlement agreement with Nationwide is unenforceable for fraud, (3) a judgment against Fletcher's insurer, Progressive, on Fletcher's UM/UIM claims, and (4) a declaration that his employer's insurer is obligated to provide UM/UIM coverage for Fletcher's benefit.
 {¶ 11} Fletcher's claim against Knoop and Nationwide alleged that its claims adjustor, Cori Knapke, had falsely represented that Fletcher could obtain UM/UIM coverage from his own insurer, Progressive, after releasing with Nationwide and Knoop, and that he executed the settlement agreement in reliance on that representation. Fletcher argues that the agreement settling his claim operated to his detriment because, in fact, his failure to procure Progressive's prior agreement to and/or approval relieved Progressive of its duty to provide the UM/UIM coverage his injuries merit.[1]
 {¶ 12} After Nationwide's responsive pleadings were filed, Fletcher asked for discovery of Nationwide's claims file concerning the accident and their ensuing negotiations and settlement. Nationwide moved for a protective order, arguing that the file constitutes litigation work product which is exempt from discovery. The trial court examined the file, and then ordered Nationwide to turn over copies of all but five documents in the file. Nationwide filed a timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 13} "The trial court abused its discretion by denying defendant/appellant Nationwide's motion for protective order and ordering defendant/appellant Nationwide to produce all but 5 pages of its 100 page claims file to plaintiff/appellee, a third party non-insured."
 {¶ 14} Ohio has a liberal discovery policy which, subject to privilege, enables opposing parties to obtain from each other all evidence that is material, relevant and competent, notwithstanding its admissibility at trial. See, Civ.R. 26(B)(1). Management of the discovery process is within the sound discretion of the trial court. See State, exrel. Daggett, supra, at syllabus 1; Stegawski v. Cleveland AnesthesiaGroup, Inc. (1987), 37 Ohio App.3d 78; Smith v. Klien (1985),23 Ohio App.3d 146. Absent a palpable abuse of that discretion, a decision granting or denying a discovery request will not be disturbed by a reviewing court. State, ex rel. Daggett, supra, at syllabus 1; Smith,supra. See, also, Rossman v. Rossman (1975), 47 Ohio App.2d 103; Crissv. Kent (C.A. 6, 1988), 876 F.2d 259. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Nationwide presents two arguments in support of the error it assigns. First, Nationwide argues that, as it is only Knoop's insurer, Fletcher has no right of discovery from Nationwide. Second, Nationwide argues that its file constitutes trial preparation materials which are exempt from discovery pursuant to Civ.R. 26(B)(3), absent a showing of good cause, which Fletcher has failed to demonstrate.
 {¶ 16} The right of discovery runs against adverse parties. Absent a judgment against a tortfeasor, an injured party has no right of action against the tortfeasor's insurer for bodily injuries caused by the tortfeasor. D.H. Overmyer Telecasting Co., Inc. v. American Home Assur.Co. (1986), 29 Ohio App.3d 31. Therefore, Nationwide is not a party to Fletcher's negligence claim against Knoop, and Fletcher has no right of discovery against Nationwide arising from that claim.
 {¶ 17} Civ.R. 26(B)(3) exempts documents prepared in anticipation of litigation by a party's insurer from discovery, absent a showing of good cause. If Nationwide's claims file was prepared in anticipation of Fletcher's litigation against Knoop, the file is exempt under the rule. The record does not reflect that Fletcher made the good cause showing in that connection that Civ.R. 26(B)(3) contemplates in order to take the file outside the protections the rule confers.
 {¶ 18} We agree with Nationwide's contentions, but only insofar as they relate to Fletcher's negligence claim against Knoop. However, that is but one of four distinct claims for relief alleged in the action. Two other claims for relief set up in Fletcher's complaint run against Nationwide directly, on other theories.
 {¶ 19} Fletcher's third claim for relief alleges violations by Nationwide of statutorily-prohibited unfair and deceptive acts or practices on the part of insurance companies. Those claims for relief are founded on R.C. 3901.20 and R.C. 3901.21, which prohibit unfair or deceptive acts or practices by insurance companies and define what they are. Those two sections are part of the overall regulatory charge from General Assembly to the Superintendent of Insurance. They do not create a private right of action. Strack v. Westfield (1986), 33 Ohio App.3d 336. Further, none of the definitions of such unfair or deceptive acts or practices comprehend the fraudulent conduct with respect to his settlement agreement with Nationwide of which Fletcher complains.
 {¶ 20} Fletcher's second claim for relief is against both Knoop and Nationwide, and alleges fraud on the part of Nationwide in inducing Fletcher to execute the settlement agreement, citing misrepresentations of fact with respect to the agreement's effect on Fletcher's UIM claim against his own insurer, Progressive. Fletcher asks the court to declare his settlement agreement with Knoop and Nationwide unenforceable for fraud. To that end, Fletcher has returned the settlement check, as he is required to do. See Haller v. Borror Corp. (1990), 50 Ohio St.3d 10.
 {¶ 21} While not specifically identified as a request for declaratory judgment, in essence, that is what Fletcher's second claim for relief presents. The settlement agreement between Fletcher and Nationwide, acting as agent for Knoop, is a contract. R.C. 2721.03
permits any person who is "interested under" a contract, that is, whose rights or interests are affected by the contract, to commence an action asking a court to determine any question concerning the validity of the contract.
 {¶ 22} Fraud in the inducement, if it exists, prevents a meeting of the minds required to form a valid and enforceable contract. That is what Fletcher asks the court to find and declare, and to further declare that for that reason the settlement agreement is unenforceable to bar both Fletcher's prosecution of his negligence claim against Knoop and his claim against his own insurer for UIM coverage. As agent for Knoop, and as the employer of the person who allegedly committed the fraud, Nationwide is a proper party to Fletcher's action to have the settlement agreement declared unenforceable.
 {¶ 23} Nationwide argues that, as a third party beneficiary to an insurance contract, Fletcher has no right of action to enforce coverage. That may be correct with respect to Fletcher's negligence claim against Knoop, but that is not the nature of Fletcher's declaratory judgment claim against Knoop and Nationwide. Nationwide is not a third party, but a principal, to the bi-lateral contract of settlement with Fletcher. The unrelated constraints against third parties seeking coverage from insurers have no application.
 {¶ 24} We have doubts concerning the viability of Fletcher's statutory unfair or deceptive acts or practices claim against Nationwide, for the reasons stated above. We have no doubt that Fletcher has a statutory right to ask the court to construe the terms of his settlement agreement with Nationwide and, if there was no meeting of the minds on account of the fraud Fletcher alleges, to then declare the settlement agreement unenforceable. The issue which that claim for relief presents entitles Fletcher to discovery of Nationwide's claims file, subject to any restrictions or exemptions imposed by the court.
 {¶ 25} Civ.R. 26(C)(7) permits a court to enter a protective order "that a trade secret or . . . commercial information not be disclosed or disclosed only in a designated way." Nationwide's claims file is commercial information. Nationwide might have sought a protective order prohibiting Fletcher from using any of the materials in Nationwide's claim file in his prosecution of his negligence claim against Knoop, except on the showing of good cause for which Civ.R. 26(B)(3) provides with respect to materials prepared by an adverse party's insurer. The restriction could extend to any discovery to which Fletcher is entitled in that action, including deposition of Knoop. These matters are committed to the trial court's sound discretion, and we mention them only in relation to some of the concerns Nationwide has expressed.
 {¶ 26} We cannot find that the trial court abused its discretion when it denied Nationwide's request for a protective order, or in ordering Nationwide to produce portions of its claim file to Fletcher. Accordingly, the assignment of error is overruled and the judgment of the trial court from which this appeal is taken will be affirmed.
BROGAN, J. and YOUNG, J., concur.
[1] The extent of the prejudice Fletcher suffered is now ameliorated, to some extent, by the Supreme Court's decision in Ferrando v.Auto-Owners Mut. Ins. Co. (2002), 98 Ohio St.3d 186, 2002-Ohio-7217. However, that holding does not resolve the discovery issue which this appeal presents.